Emily Pelton, Appellant, *v.* The Rensselaer and Saratoga Railroad Company, Respondent.

Where the residence of a consignee claiming the right to notice of the arrival of goods is not known to the carrier, it is the duty of the consignee, before the arrival, to give such information as will enable the carrier to give the requisite notice; and if, after due inquiry, the carrier fails to ascertain the residence, such notice is excused; and after reasonable time for removal has elapsed, the liability of the carrier, as such, is discharged upon storing the goods; and thereafter he is only liable as warehouseman.

(Argued March 18, 1873; decided June term, 1873.)

APPEAL from judgment of the General Term of the Supreme Court of the third judicial department, affirming a judgment in favor of defendant entered upon the decision of the court at circuit, upon trial without a jury.

This was an action brought against defendant, as common carrier, to recover for the loss of certain goods transported by it.

On the 11th day of April, 1870, the plaintiff, then a resident of Battle Creek, Michigan, removed to Greenfield, Saratoga county, four miles distant from Saratoga Springs, and on that day delivered to the Michigan Central Railroad Company, at Battle Creek, certain goods, in boxes "marked Emily Pelton, Saratoga Springs, N. Y.," to be transported by railroad to that place. That they arrived there on the defendant's road from Schenectady, in the afternoon of the twenty-seventh of April, and were removed from the car in which they arrived, into defendant's warehouse, situated by the side of its road. Prior to their arrival, the plaintiff called and inquired for the goods, but gave no information to the defendant or its agents as to her place of residence or post-office address. Upon the arrival of the goods at the defendant's warehouse, and every day thereafter, until the warehouse burned, the defendant's freight agent at that place, being wholly ignorant as to her place of residence or post-office address, inquired of all the draymen accustomed to draw goods from that warehouse to owners or consignees of goods at that place, as to the plaintiff and her residence, or where she could be found, but no one of them could give him any information. It appeared that the draymen were well acquainted there, and that no one would be more likely to to give information. On the first of May, 1870, defendant's warehouse and its contents, including these goods were, without the fault or negligence of the defendant, consumed by fire. As a conclusion of law from these facts, the judge held the defendant not liable, and the defendant to be entitled to judgment against her for costs, and judgment was entered accordingly.

*John W. Eighmy* for the appellant. Defendant being a common carrier is liable for all losses of goods under its care, excepting the acts of God and the public enemy. (*Merit* v. *Earle,* 29 N. Y., 315.) Plaintiff was entitled to notice of the arrival of the goods, and reasonable time to remove them. (22 N. H., 523; 60 Pa. St., 109; 46 N. Y., 578; 44 id., 505; 38 Vt., 402; 42 id., 70; 104 Mass., 122; Albany L. J., February 15, 1873, 97; *Graves* v. *Hart. and N. Y. S. Co.,* 12 Am. L. Reg. [N. S.], 23; 39 Conn.; 17 Wend., 305; 3 Comst., 322; 18 Wis., 345; 16 Ill., 502; 26 id., 504; 2 Mich. [Gibbs], 538; 14 Geo., 277; 45 N. Y., 66.) The facts will not justify the court to hold, as matter of law, that a proper and reasonable effort to find the consignee to give notice was made. (*Whitbeck* v. *Holland,* 45 N. Y., 13.)

*John B. Gale* for the respondent.

GRAY, C. The plaintiff to whom the goods consumed by fire were consigned, had, within about sixteen days of the time of their arrival at Saratoga Springs, the place of their destination, removed to a place four miles distant therefrom, up to which time she had resided in Michigan. When the goods arrived, no one was present to receive them, or to whom to give notice of their arrival, and her residence was unknown to the defendant; the goods were removed from the car to the defendant's warehouse, and there kept three days, when, without the defendant's fault, they were consumed by fire. During each of these days, the defendant's agent, having charge of the warehouse, inquired of persons as likely as any others to know the defendant's residence or whereabouts, and gained no information on the subject. This, within the case of *Northrop* v. *The Syracuse & B. N. Y. R. R. Co.* (2 Trans. App., 183), was an abundant excuse for not giving notice, and within that case, in other respects, and the rule as stated in *Fenner* v. *The Buffalo & State Line R. R. Co.,* (44 N. Y. R., 505, 511.) The defendants's character had, before the fire, changed to that of a warehouseman, and the goods

having been destroyed, without the defendant's fault, the plaintiff cannot recover, where the residence of the consignee claiming the right to notice is not known at the freight depot.

The consignee ought, before the arrival of the goods, to give such information as will enable the carrier to give the requisite notice, but whether if such notice had been given it would have become their duty to have notified the plaintiff, whose post-office address was beyond the municipality of the depot, is not involved.

Judgment should be affirmed.